IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dennis A. Samsel<br>Debtor | | CHAPTER 13 |
| BANK OF AMERICA, N.A.<br>Movant<br>vs. | | NO. 18-10005 ELF |
| Dennis A. Samsel<br>Debtor | | |
| Scott F. Waterman, Esquire<br>Trustee | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$2,123.17,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 13, 2019 to January 13, 2019 at $538.97/month |
| Suspense Balance: | $32.71 |
| **Total Post-Petition Arrears** | **$2,123.17** |

2. The Debtor(s) shall cure said arrearages in the following manner;

   a) On or before January 31, 2020, the Debtor shall make a down payment in the amount of **$1,200.00**;

   b). Beginning on February 13, 2020 and continuing through July 13, 2020 until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$538.97** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the thirteenth (13th) day of each month, plus an installment payment of **$153.87 from February 13, 2020 to June 13, 2020 and $153.82 for July 13, 2020** towards the arrearages on or before the last day of each month at the address below;

Bank of America, N.A.
P.O. Box 15312
Wilmington, DE 19850-5312

   c). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 13, 2020                By: /s/ Rebecca A. Solarz, Esquire
                                        Attorney for Movant


Date:   January 13, 2020
                                        George M. Lutz, Esquire
                                        Attorney for Debtor

Date:   1/17/2020
                                        Scott F. Waterman, Esquire
                                        Chapter 13 Trustee

# ORDER

Approved by the Court this 27th day of January, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank